UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY M. ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-77-PLC |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.78, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order plaintiff to submit an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this § 1983 action against defendant Missouri Department of Corrections alleging violations of his Eighth Amendment right to be free of cruel and unusual punishment.[1] Prior to being incarcerated, plaintiff suffered from throat cancer and had a total laryngectomy. Since having the procedure, plaintiff breathes through an opening in his neck known as a stoma. Because of his stoma, he is at an increased risk of developing a wound infection.

Plaintiff states that while he was hospitalized in Salem, Missouri, he suffered from a lung infection from breathing in bacteria while using an unsanitary shower. Initially, upon arrival at NECC, plaintiff spoke to Dr. Rhodes who approved plaintiff to shower in the Transitional Care Unit ("TCU") of the prison. This shower was used much less frequently, and was presumably more sanitary than the showers in the cell blocks. Apparently, however, despite Dr. Rhodes approval, plaintiff was never allowed to use this shower in the TCU, and had to shower with the general population in a shower that served more than fifty inmates each day.

Plaintiff suffered an infection in his stoma and was hospitalized on May 16, 2018. After his hospitalization, plaintiff received a lay-in allowing him to shower in the TCU. Again, the lay-in was never enforced, and plaintiff was told to use a handicap shower. Plaintiff states the

---

[1] Plaintiff has filed another case arising out of the conditions of his confinement in NECC, *Esparza v. Manley, et al.*, No. 4:18-CV-782 NAB (E.D. Mo. May 18, 2018). The Court has appointed counsel for plaintiff in that case, and has asked counsel to submit an amended complaint.

2

handicap shower is the preferred shower on plaintiff's cell block, and more inmates use the handicap shower than the non-handicap showers. Plaintiff states that his assignment to the handicap shower exacerbated his problem. During this time, plaintiff contracted another neck infection, and was prescribed antibiotics.

Additionally, because of the temperature in NECC in the summer, which plaintiff states is often over one hundred degrees, plaintiff has to contend with sweat dripping into his stoma. Medical approved plaintiff for a fan, but plaintiff never received the fan. Because he fears the shower, plaintiff states he has gone "days on end drenched in sweat, barely able to breathe."

## Discussion

Plaintiff's allegations may state a plausible claim for deprivation of his Eighth Amendment rights under § 1983. However, plaintiff lists the Missouri Department of Corrections as his only defendant in this § 1983 action. The complaint fails to state a claim against the Missouri Department of Corrections under § 1983 because an agency exercising state power is not a "person" subject to a suit under § 1983. *E.g.*, *Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). As a result, the complaint shall be dismissed as to the Missouri Department of Corrections pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff shall have sixty days from the date of this Memorandum and Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff

fails to file an amended complaint within sixty days, the Court will dismiss this action without prejudice.

Finally, the Court will deny without prejudice plaintiff's motion to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.

The Court notes that plaintiff has been appointed counsel in another case arising out of the conditions of his confinement in NECC, *Esparza v. Manley, et al.*, No. 4:18-CV-782 NAB (E.D. Mo. May 18, 2018), currently pending before the Court. That case is in its initial stage, and appointed counsel has been directed to file an amended complaint. At the discretion of plaintiff's appointed counsel in *Esparza v. Manley*, counsel might consider combining the allegations in plaintiff's two cases into one amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.78 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint as directed in this Memorandum and Order within sixty days of the date of this Memorandum and Order.

*Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of August, 2018

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).