UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY M. ESPARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-CV-77-PLC |
| | ) |
| WARDEN CHANTAY GODERT and | ) |
| DIRECTOR ANNE L. PRECYTHE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following plaintiff's filing of his amended complaint. After reviewing the amended complaint and the supporting documentation, the Court will order plaintiff to file a supplement to his amended complaint to state whether he is suing defendants in their official capacities, individual capacities, or both.

### Background

On August 27, 2018, the Court granted plaintiff's motion to proceed in forma pauperis, and conducted an initial review of his complaint under 28 U.S.C. § 1915(e). The Court stated that "[p]laintiff's allegations may state a plausible claim for deprivation of his Eighth Amendment rights under § 1983. However, plaintiff lists the Missouri Department of Corrections as his only defendant in this § 1983 action." The Court found the Missouri Department of Corrections was not a "person" subject to suit under § 1983, and directed plaintiff to file an amended complaint.

Plaintiff has filed his amended complaint, listing as defendants Warden Chantay Godert, Northeast Correctional Center ("NECC"); and Anne Precythe, Director of the Missouri Department of Corrections. He has checked the box on the form complaint, however, indicating that he is only suing these defendants in their official capacities.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

The Court summarized plaintiff's claims under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in its Memorandum and Order dated August 27, 2018. *See* ECF No. 6. Plaintiff's amended complaint contains the same allegations, but he has substituted defendants Godert and Precythe for defendant the Missouri Department of Corrections. The Court had dismissed defendant the Missouri Department of Corrections from plaintiff's original complaint, because it is not a "person" subject to suit under § 1983. *Id.*

Plaintiff's amended complaint, however, sues defendants Godert and Precythe only in their official capacities, not in their individual capacities.

## Discussion

Similar to plaintiff's original complaint, plaintiff's amended complaint may state a plausible claim for deprivation of his Eighth Amendment rights under § 1983. Unfortunately, however, plaintiff has sued defendants only in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's official-capacity claims fail to state a claim upon which relief can be granted, and these claims must be dismissed.

Taking into consideration that plaintiff is proceeding pro se and in forma pauperis, the Court will instruct him to file a written supplement to his amended complaint, in which he simply states the capacity (*i.e.*, official capacity, individual capacity, or both individual and official capacities) in which he is suing each of the named defendants. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) (to sue a state actor in his or her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal. Plaintiff is advised that he must sign the supplement to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file a written supplement to his complaint within fourteen (14) days from the date of this Memorandum and Order, stating whether he is suing the named defendants in their official capacities, individual capacities, or

both individual and official capacities, in accordance with the specific instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff's failure to supplement his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of April, 2019