UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY M. ESPARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-CV-77-PLC |
| | ) |
| WARDEN CHANTAY GODERT and | ) |
| DIRECTOR ANNE L. PRECYTHE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following plaintiff's filing of his written supplement to the amended complaint. After careful review of the amended complaint and the written supplement, the Court will order the Clerk to issue process or cause process to be issued on the complaint as to defendant Warden Chantay Godert in her individual capacity. The Court will dismiss without prejudice (1) plaintiff's claims against defendant Warden Chantay Godert in her official capacity, and (2) plaintiff's claims against Director Anne L. Precythe in both her individual and official capacities.

### Background

On August 27, 2018, the Court granted plaintiff's motion to proceed in forma pauperis, and conducted an initial review of his complaint under 28 U.S.C. § 1915(e). The Court stated that "[p]laintiff's allegations may state a plausible claim for deprivation of his Eighth Amendment rights under § 1983. However, plaintiff lists the Missouri Department of Corrections as his only defendant in this § 1983 action." The Court found the Missouri Department of Corrections was not a "person" subject to suit under § 1983, and directed plaintiff to file an amended complaint.

Plaintiff filed his amended complaint, listing as defendants Chantay Godert (Warden, Northeast Correctional Center ("NECC")) and Anne Precythe (Director, Missouri Department of Corrections). He checked the box on the form complaint, however, indicating that he was only suing these defendants in their official capacities. The Court ordered plaintiff to file a written supplement to the amended complaint, stating whether he was suing the named defendants in their official capacities, individual capacities, or both individual and official capacities.

On April 22, 2019, plaintiff filed his written supplement to the amended complaint, stating that he is suing defendants in both their individual and official capacities.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Amended Complaint**

Plaintiff, formerly an inmate NECC, brings this § 1983 alleging defendants violated his Eighth Amendment right to be free of cruel and unusual punishment. Prior to being incarcerated, plaintiff suffered from throat cancer and had a total laryngectomy. Since having the procedure, plaintiff breathes through an opening in his neck known as a stoma. Because of his stoma, plaintiff is at an increased risk of developing a wound infection.

Plaintiff states that in April 2018, while housed in Algoa Correctional Center, he developed an lung infection from using a prison shower. He was treated and then transferred to NECC. Plaintiff met with Dr. Rhodes at NECC and asked to be placed in the Transitional Care Unit ("TCU") (the prison's hospital) because he needed use a low-traffic shower to avoid bacterial infection of his stoma. Plaintiff states that Dr. Rhoades agreed that the TCU would be the appropriate place to house plaintiff, but Dr. Rhoades took no action to have plaintiff placed there. Instead, plaintiff was placed in the general population where he soon declared a medical emergency. Plaintiff states fluid was running down his chest from his stoma, and he was gasping for air. Plaintiff states he was "pushed to the back of the TCU."

On May 17, 2018, plaintiff's throat surgeon wrote to him stating that "it is critical that you get good humidification and steam to keep the trachea and stoma clean . . . . The stoma will colonize with bacteria as well, so keep it as clean as possible." *See* ECF No. 8-1 at 13. Plaintiff forwarded this letter to the prison's mental health staff, medical staff, Corizon staff, defendant Godert, and defendant Precythe.

On May 25, 2018, plaintiff was taken to Jefferson City for medical treatment because of throat pain. On June 11, 2018, plaintiff received a lay-in from Dr. Mary E. Chandler at NECC, which ordered plaintiff to be housed in a cell with its own shower. Plaintiff states that he immediately took the lay-in to his functional unit manager, who contacted Warden Godert by

telephone. Shortly after this telephone call, plaintiff received a letter from Warden Godert, stating that plaintiff's concerns regarding the prison showers should be addressed through the prison's grievance process. Plaintiff states that at some point Dr. Chandler had modified plaintiff's lay-in to change the requirement that plaintiff be placed in a cell with its own shower to a requirement that plaintiff be allowed to use a handicapped shower. According to plaintiff, this modified lay-in placed him in a worse position, because the handicapped shower is the preferred shower of the inmates. But regardless, plaintiff continues, he is housed in D-wing of 8-house, which has no handicapped shower. Plaintiff states that he "deal[t] with it up until mid-July when all of a sudden everyone is moved off bunks into cells—the cells are over 100 degrees. . . . I have sweat running down my neck into my hole. I beg for a fan because I don't have money. . . . I finally got one on July 30, 2018. In the process it['s] discovered that my neck is infected! And I'm given antibiotics. After all of this still nothing is done." According to plaintiff, the only way he could have accessed a low-traffic shower and avoided the conditions that caused the frequent infections of his stoma was to be housed in the TCU.

For relief, plaintiff asks for $1,500 per day from May 2018 to September 6, 2018. Plaintiff seeks an additional $1,500 per day for the time period of July 12 to July 30, 2018, during which he suffered in 100 degree temperatures without a medically ordered fan.

## Discussion

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). On initial review, the Court finds that plaintiff has stated a plausible claim under the Eighth Amendment against defendant Godert in her individual capacity.

Plaintiff's claims against defendant Godert in her official capacity, however, will be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's official capacity claims against defendant Godert fail to state a claim upon which relief can be granted, and these claims must be dismissed.

The Court will also dismiss plaintiff's Eighth Amendment claims against defendant Ann L. Precythe, brought both in her individual and her official capacities. Plaintiff fails to clearly explain how defendant Precythe is personally responsible for the alleged constitutional violations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Because plaintiff has not alleged any facts that show defendant Precythe was personally responsible for his alleged constitutional violations, the Court will dismiss his case as to defendant Precythe.

Finally, plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See*

*Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Warden Chantay Godert in her individual capacity.

**IT IS FURTHER ORDERED** plaintiff's claims against defendant Warden Chantay Godert in her official capacity and his claims against Director Anne L. Precythe in both her individual and official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 7]

An order of partial dismissal will accompany this memorandum and order.

Dated this 7th day of May, 2019.

 E. RICHARD WEBBER
 UNITED STATES DISTRICT JUDGE